UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA CADE,

    Plaintiff,                                         Civil Action No. 12-cv-11685
                                                    HON. BERNARD A. FRIEDMAN

vs.

FORD MOTOR COMPANY, et al.,

    Defendants.
_____/

**OPINION AND ORDER DENYING DEFENDANT HENRY FORD HEALTH SYSTEM'S MOTION TO DISMISS THE AMENDED COMPLAINT**

**I.    Introduction and Facts**

Angela Cade ("plaintiff") commenced this negligence cause of action against defendant Henry Ford Health System ("HFHS") for failing to notify her employer about her medical leave status. Before the Court is HFHS's motion to dismiss the amended complaint [docket entry 22]. Plaintiff filed a response [docket entry 24] and HFHS filed a reply [docket entry 25]. The Court will rule on HFHS's motion without oral argument pursuant to E.D. Mich. LR 7.1(f)(2).

Plaintiff alleges that, in November 2010, defendant Dr. Madha Gupta placed her on medical leave from her employment with the Ford Motor Company ("Ford") because she suffered from depression. Third Am. Compl. ¶¶ 12, 19. Between November 2010 and March 2011, defendants Dr. Madha Gupta, Ananda Medical Clinic & Healing Center, Dr. Jonathan J. Dargo and HFHS (collectively "defendants") treated her condition. Id. ¶¶ 20, 93-94. In February 2011, Ford terminated plaintiff while she was still on leave because her paperwork was not "correct." Id. ¶ 23. Plaintiff commenced the instant action against HFHS and other defendants in

-1-

March 2013. Plaintiff maintains that, during the course of her treatment, defendants failed to continuously notify Ford about the status of her medical leave.

In its motion to dismiss, HFHS argues that plaintiff's negligence claim is actually a cause of action for medical malpractice because any duty it had to provide written notification to Ford stemmed from the physician-patient relationship. Assuming plaintiff's claim is akin to medical malpractice, HFHS maintains that plaintiff did not submit the statutorily mandated forms that are necessary to file a medical malpractice action and that her claim is, therefore, time-barred.

In response, plaintiff asserts that the statute of limitations does not bar her claim against HFHS. To this end, plaintiff contends that she accurately denominated her cause of action as an ordinary negligence claim because HFHS's failure to notify Ford about her leave status does not involve any medical judgment.

## II.     Standard of Review

In deciding a Rule 12(b)(6) motion to dismiss, the Court must "construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of [her] claims that would entitle [her] to relief." Shane v. Bunzl Distrib. USA, Inc., 200 F. App'x 397, 401 (6th Cir. 2006) *citing* Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 360 (6th Cir. 2001). A sufficient pleading "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see Ashcroft v. Iqbal, 556 U.S. 662, 678-679 (2009). Instead, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) *quoting* Iqbal, 556 U.S. at 678. When evaluating the adequacy of the allegations contained in a complaint, the Court may

consider "(1) documents referenced in the pleadings and central to plaintiff's claims, (2) matters of which a court may properly take notice, (3) public documents, and (4) letter decisions of government agencies." Meyer v. CitiMortgage, Inc., No. 11-13432, 2012 U.S. Dist. LEXIS 19548, at *6-7 (E.D. Mich. Feb. 16, 2012) *citing* Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

### III. Analysis

#### A. Statute of Limitations

Plaintiff's negligence claim against HFHS is not time-barred because it sounds in ordinary negligence. While the parties dispute the nature of plaintiff's cause of action, "a complaint cannot avoid the application of the procedural requirements of a malpractice action by couching its cause of action in terms of ordinary negligence." Dorris v. Detroit Osteopathic Hosp. Corp., 460 Mich. 26, 43 (1999). Nor is the furnishing of medical care dispositive of the inquiry. See Bryant v. Oakpointe Villa Nursing Ctr., Inc., 471 Mich. 411, 421 (2004) (stating that the provision of "medical care at the time the alleged negligence occurred means that the plaintiff's claim may *possibly* sound in medical malpractice; it does not mean that the plaintiff's claim *certainly* sounds in medical malpractice."). Rather, courts generally apply a two-pronged test to evaluate whether a claim is the subject of ordinary negligence or medical malpractice. Bryant, 471 Mich. at 422.

Pursuant to this test, the initial inquiry is whether the cause of action arose during the course of a professional relationship. Id. A professional relationship exists where "a person or an entity capable of committing medical malpractice was subject to a contractual duty to render professional health-care services to the plaintiff." Kuznar v. Raksha Corp., 481 Mich. 169, 176 (2008). Secondly, the claim must raise issues of medical judgment beyond the realm of the

-3-

common knowledge and experience of the jury. <u>Bryant</u>, 471 Mich. at 422. A claim is grounded in ordinary negligence when the reasonableness of a health care professional's conduct can be evaluated by lay jurors on the basis of their common knowledge and experience. <u>Id.</u> at 422. On the other hand, a claim is grounded in medical malpractice when the reasonableness of the action can be evaluated by a jury only after the presentation of expert testimony. <u>Id.</u> at 423. Both prongs must be satisfied for the cause of action to proceed as a medical malpractice claim. <u>Id.</u> at 422.

In this case, plaintiff's claim meets the ordinary negligence grounds of the *Bryant* test because a jury could evaluate the claim based upon their common knowledge and experience. With respect to the first prong, a physician-patient relationship existed between plaintiff and HFHS because the latter was "subject to a contractual duty that required [it] to render professional health care services to the plaintiff." <u>Bryant</u>, 471 Mich. at 422. The two physician notes annexed to HFHS's motion detailing the on-going treatment of plaintiff by HFHS demonstrate that HFHS engaged in a professional relationship with plaintiff through March 2011. <u>Def.'s Reply Br. Ex. C, D</u>.

Regarding the second prong, a jury could decide without the assistance of expert testimony, whether HFHS breached a duty to plaintiff when it allegedly failed to provide Ford with the necessary documents certifying plaintiff's medical leave. Although both the Michigan Court of Appeals and Michigan Supreme Court have ruled that medical malpractice actions typically involve questions of medical judgment, and, on occasion, the supervision of medical staff, see <u>Roberts v. Mecosta Co. Gen. Hosp.</u>, 470 Mich. 679, 694 n.12 (2004) (providing examples of medical malpractice issues that pertain to treatment), <u>Dorris</u>, 460 Mich. at 47 (holding that the ordinary layman is unaware of the type of supervision or monitoring that is

required for psychiatric patients in a psychiatric ward), Danner v. Holy Cross Hosp., 189 Mich. App. 397, 399 (1991) (stating that the provision of "professional medical care and treatment by a hospital includes supervision of staff physicians and decisions regarding selection and retention of medical staff."), the Michigan Court of Appeals has held that health-care providers who fail to notify third-parties of the patient's medical status can be found liable for ordinary negligence.

In *Lee v. Detroit Med. Ctr.*, 285 Mich. App. 51 (2009), the defendant physician examined a child who presented symptoms that were indicative of child abuse, but neglected to report the suspected abuse as required by statute. Id. at 55-56. The child was later brought to the hospital with severe head trauma and died as the result of her injuries. Id. at 56-57. A representative of the child's estate then sued the defendant for negligence. Id. at 57. Defendant moved to dismiss the complaint on the ground that the failure to report the abuse constituted medical malpractice. The trial court dismissed the complaint and plaintiff appealed. Id. at 58. Rejecting the trial court's dismissal of plaintiff's statutory and negligence claims, the Michigan Court of Appeals held that the action of a doctor in failing to report child abuse was "entirely separate from an action against that doctor for medical malpractice in treating the child." Id. at 64; see also Chew v. Meyer, 72 Md. App. 132, 137-138 (1987) (holding that a patient's claim based on a doctor's failure to send a medical excuse for an absence from work was a negligence claim instead of a medical malpractice claim).

Similarly, HFHS's duty to provide the appropriate documentation certifying plaintiff's leave status is separate and apart from any standard of care associated with rendering medical treatment. This is because the reporting duty that HFHS assumed in this case does not implicate the medical judgment of a health care provider.

In support of its position, HFHS's reliance on *Gray v. Henry Ford Hosp.*, No. 07-7095253-NO (Mich. Ct. App. Feb. 15, 2008) is misplaced.  In *Gray*, the Michigan Court of Appeals held that a physician's discretion concerning whether to release outpatient drug tests to an employer involved a question of medical judgment.  Plaintiff's claim is not about whether HFHS exercised appropriate discretion when releasing sensitive materials.  Rather, the crux of plaintiff's action against HFHS is that the hospital did not it failed to abide by its own promise to plaintiff to provide leave certification documents to Ford on her behalf.  The negligent conduct of such ministerial or administrative duties, albeit in a medical setting, is, thus, the subject of ordinary negligence and not medical malpractice.  Consequently, plaintiff's negligence claim against HFHS is within the three-year statute of limitations for ordinary negligence actions. Mich. Comp. Laws § 600.5805(10); see Kuznar, 481 Mich. at 181-182.

   B.  Negligence Claim

With respect to the merits, the Court finds that the complaint contains sufficient factual allegations of negligence to survive the motion to dismiss.  To set forth a claim of ordinary negligence, a plaintiff must show that "(1) the defendant owed a legal duty to the plaintiff, (2) the defendant breached or violated the legal duty, (3) the plaintiff suffered damages, and (4) the breach was a proximate cause of the damages suffered." Biegas v. Quickway Carriers, Inc., 573 F.3d 365, 374 (6th Cir. 2009) *citing* Schultz v. Consumers Power Co., 443 Mich. 445, 449 (1993).

Viewing the claim in the light most favorable to her, plaintiff adequately alleged that HFHS voluntarily assumed a duty of care when it undertook to provide Ford with notification of her disability. See Rupert v. Daggett, 695 F. 3d 417, 424 (6th Cir. 2012) *citing* Zine v. Chrysler Corp., 236 Mich. App. 261, 277 (1999) (stating that "[w]hen a person voluntarily assumes a duty

not otherwise imposed by law, that person is required to perform it carefully, not omitting to do what an ordinarily prudent person would do in accomplishing the task."). Furthermore, plaintiff's contentions, "if supported by evidence, could permit a reasonable trier of fact to conclude" that HFHS breached this duty to plaintiff when it allegedly failed to provide Ford with the appropriate documentation, thereby resulting in the termination of her employment. Garza v. Northwest Airlines, Inc., 305 F. Supp. 2d 777, 788 (E.D. Mich. 2004).

Accordingly,

IT IS ORDERED that HFHS's motion to dismiss the amended complaint is denied.

\_\_S/ Bernard A. Friedman_____
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: August 2, 2013
Detroit, Michigan